UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YEN YI. LIU, et. al. | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:17-cv-11879-IT |
| | * |
| VERIZON NEW ENGLAND INC., et. al., | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER
September 18, 2018

TALWANI, D.J.

      Plaintiffs Wen Y. Chiang and Yen Yi. Liu, proceeding *pro se*, bring claims against Defendants Verizon New England, Inc., and Verizon Wireless (collectively, the "Verizon Defendants") arising from Plaintiffs' cellular and television accounts, and against Defendants Tucker, Saltzman, Dyer & O'Connell, LLP, and Attorney Samuel A. Kennedy-Smith (collectively, the "Law Firm Defendants") arising from threats allegedly made by the Law Firm Defendants while representing the Verizon Defendants in prior proceedings. Compl. [#1]. Defendants jointly moved pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss all counts of Plaintiffs' Complaint [#1], but filed along with the motion a number of exhibits that relate to "matters that are outside the pleadings." Mot. Dismiss at 1. n.1 [#26]; Mem. Supp. Mot. Dismiss ("Defs.' Mem.") Exs. 1-11 [#27]. The court did not exclude the exhibits attached to the pleadings presented by Defendants, and instead gave notice that the motion would be treated as a motion for summary judgment under Federal Rules of Civil Procedure 56, and gave Plaintiffs an opportunity to present material pertinent to the motion. See Order [#44]; Fed. R. Civ. P. 12(d).

1

The record before the court now includes, in addition to the above documents: Plaintiffs' Memorandum in Support of Plaintiffs Opposition to Defendants' Motion to Dismiss as Treated Summary Judgment [#55], the Affidavit of Yen Li, Liu [#56], Plaintiffs' Undisputed Materials Fact [#57] and exhibits thereto, and Defendants' Reply [#58].

For the reasons set forth in this order, Defendants' Motion to Dismiss All Counts of Plaintiff's Complaint, Pursuant to Fed. R. Civ. P. 12(b) (6) [#26], treated as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56, is ALLOWED.

I.   FACTS AND PROCEDURAL HISTORY

A.   Chiang's State Court Complaints

On February 8, 2016, Chiang filed a small claims complaint against Verizon Wireless in Woburn District Court ("Chiang Lawsuit No. 1"). Defs.' Mem. Ex. 1 [#27-1]; Pls.' Undisputed Material Facts ("Pls. SOF") Ex. J [#57-2]. In his complaint, Chiang alleged that Verizon Wireless had overcharged him for his cell phone account starting in June 2015, failed to credit Chiang's account after Chiang noticed and complained about the overcharges, and never gave Chiang a $300 gift card that Verizon Wireless had promised Chiang. Id.

The parties reached a settlement to resolve the dispute and on July 11, 2016, Chiang executed an agreement (the "Settlement Agreement") stating:

> Verizon New England . . . and its affiliates . . agree[] to zero out . . . [Chiang's] final bill and issue [him] a one-time check in the amount of $240 . . . . [Chiang] agree[s] to voluntarily dismiss . . . [his] claims in this matter with prejudice . . . [Chiang] agrees to release and forever discharge Verizon, and its . . . parents, subsidiaries, [and] affiliates . . . from all causes of action . . . arising out of or relating to the Dispute.

Defs.' Mem. Ex. 2 [#27-2].

Meanwhile, on July 6, 2016, Chiang filed a complaint against Verizon New England in Woburn District Court ("Chiang Lawsuit No. 2"). Defs.' Mem. Ex. 3 [#27-3]. The complaint

restated the allegations in Chiang Lawsuit No. 1 and added two additional allegations: (1) that Verizon had wrongfully reported to the Credit Bureau that Chiang owed Verizon $1,050.00, which Chiang only learned about in February 2016 after he had filed his complaint in Chiang Lawsuit No. 1; and (2) that Chiang again did not receive a $300 gift card when he opened a new account under a tenant's name.[1] Id.

Verizon New England moved to dismiss the complaint in Chiang Lawsuit No. 2 on the grounds that res judicata barred Chiang's claims in Chiang Lawsuit No. 2 and that, additionally, the Settlement Agreement covered Chiang's claims. Defs.' Mem. Ex. 4 [#27-4]. On October 13, 2016, the Woburn District Court allowed Verizon New England's motion to dismiss on the grounds that the Settlement Agreement covered the claims in Chiang Lawsuit No. 2:

> Upon review of the documents and hearing arguments from the parties, the Court finds that it is undisputed that on July 11, 2016[,] Plaintiff executed a broadly-worded release of claims which includes all claims related to a previous dispute arising against Defendant up to July 6, 2016. The language of that release reasonably covers, by its terms, the subject of this current action initiated by a complaint which Plaintiff dated July 6, 2016. This action is therefore dismissed with prejudice as barred by the July 11, 2016 release.

Id.

On August 11, 2017, Chiang filed another complaint against Verizon Wireless in Woburn District Court ("Chiang Lawsuit No. 3"). Defs.' Mem. Ex. 7 [#27-7]. Chiang alleged that he was overcharged for several items, including activation fees and taxes, in connection with the trade-in of two iPhones and the purchase of two iPods during Thanksgiving 2016. Id. Chiang further argued that he never received the $299.99 credit for each iPhone trade-in. Id.

---

[1] Chiang stated that he set up the account after he had disputed the over-charges on his first account for four months, and that he began disputing the over-charges on his first account in June 2015. See Defs.' Mem. Ex. 3 ¶¶ 4, 12 [#27-3].

On October 2, 2017, the Woburn District Court held a hearing on Chiang Lawsuit No. 3 and entered a judgment in favor of Verizon Wireless. Defs.' Mem. Ex. 11 [#27-11]. The judgment stated that, "[a]fter a full trial on the merits, the [plaintiff] has not met his burden of a breach of contract or damages and judgment is for the [defendant]." Id.

B.  Liu's State Court Complaints

On August 11, 2017, Liu filed a complaint against Verizon Fios in Woburn District Court ("Liu Lawsuit No. 1"). Defs.' Mem. Ex. 8 [#27-8]. In his complaint, Liu alleged that after he opened an account in October 2015, Verizon Fios overcharged Liu for several different items, including television services that Liu had already terminated. Id. Liu further alleged that he did not receive the $300 gift card from Verizon Fios. Id.

On December 22, 2017, the Woburn District Court held a hearing for Liu and entered a judgment for Liu for a total of $558.31. Defs.' Reply Ex. 1 [#58-1].

C.  This Action Before This Court

Meanwhile, on October 2, 2017, Liu and Chiang filed their Complaint [#1] in the instant action. Although Plaintiffs' Complaint [#1] contain many of the same allegations as in the prior lawsuits, Liu further alleges that the Verizon Defendants most recently overcharged Liu in July 2017.[2] Id. ¶¶ 7, 27. Chiang further alleges that on August 1, 2017, Verizon wrongfully reported his social security number to the Credit Bureau. Id. ¶¶ 31, 68. Plaintiffs also allege that Attorney Kennedy-Smith, who represented the Verizon Defendants in the state court action, threatened them. Id. ¶¶ 20-21. Plaintiffs assert the following counts: (1) breach of contract against the

---

[2] Although the Complaint [#1] does not state "July 2017" as the date that the Verizon Defendants stopped overcharging Liu, Liu states that the Verizon Defendants "charge[d] the extra program for near[ly] [] 20 months when Liu [w]as informed to cancel the service" and additionally states that "[the services started in October 2015 and] after two months has not receive any statement, and contacted defendant . . . for adding one cartoon program for one month." Compl. ¶¶ 7, 27.

4

Verizon Defendants; (2) negligence against all of Defendants; (3) deceit against the Verizon Defendants; (4) violation of the Truth-In-Billing Act against the Verizon Defendants; (5) [missing]; (6) violation of M.G.L. c. 93A against the Verizon Defendants; (7) violation of professional conduct against the Law Firm Defendants; (8) violation of the Fair Credit reporting Act, 15 U.S.C. § 1681, against Verizon New England; and (9) emotional distress against the Law Firm Defendants. Id. ¶¶ 24-75.

II.     STANDARD OF REVIEW

In resolving a motion for summary judgment, the court takes all properly supported evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012) (internal quotation marks and citations omitted).

III.    DISCUSSION

A.  Plaintiffs' Claims against the Verizon Defendants

Defendants argue that Plaintiffs' claims should be barred by res judicata because Plaintiffs' claims were all argued, or could have been argued, in Woburn District Court during Chiang Lawsuits No. 1, 2, and 3 and Liu Lawsuit No. 1. Defs.' Mem. at 8-11 [#27]; Defs.' Reply at 3-4 [#58]. Defendants argue further that Chiang's claims in the present case were either resolved by the Settlement Agreement from Chiang Lawsuit No. 1, dismissed on the merits by the district court judge in Chiang Lawsuit No. 2, or rejected on the merits by the district court

judge in Chiang Lawsuit No. 3. Defs.' Mem. at 8 [#27]. Likewise, Liu's present claims were litigated in state district court and judgment was entered in Liu's favor in December 2017. Defs.' Reply Ex. 1 [#58-1].

"Res judiciata, in its claim preclusion aspect, is intended to prevent the re-litigation of claims already litigated or that should have been litigated in an earlier action; in its issue preclusion aspect, it prevents (with qualifications) re-litigation of issues earlier decided even if the subsequent case involves a different claim." Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 30 (1st Cir. 2010). Where the underlying litigation occurred in state court, federal courts must afford state-court judgments the same preclusive effect a state court would afford that judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80–81 (1984). In Massachusetts, a party is bound by a prior judgment if: (1) there is identity or privity of the parties to the present and prior actions; (2) the causes of action arise out of the same nucleus of operative fact; and (3) there is a prior final judgment on the merits. See Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013) (applying Massachusetts law). If these requirements are met, the prior adjudication on the merits "operates as a bar to a later proceeding upon the same cause of action as to every issue that in fact was or in law might have been litigated." Willett v. Webster, 148 N.E.2d 267, 270 (Mass. 1958) (quoting Cleaveland v. Malden Savings Bank, 197 N.E. 14, 16 (Mass. 1935)); see also Anderson v. Phoenix Inv. Counsel Boston, Inc., 387 Mass. 444, 449 (1982). In utilizing the three prong test in Galvin, the court finds that there is privity of the parties to the present and prior actions, the claims arise from the same nucleus of operative fact, and there has been judgment on the merits.

The plaintiffs in the prior state court litigation, Chiang and Liu, are the same plaintiffs in this action. The defendants in Chiang Lawsuits No. 1, 2, and 3, and the defendants here are

Verizon New England and Verizon Wireless. Defs.' Mem. Ex. 1 [#27-1]; Ex. 3 [#27-3]; Ex. 7 [#27-7]. In Liu Lawsuit No. 1, Liu addressed his lawsuit to Verizon New England but filed his suit against Verizon Fios. Defs.' Mem. Ex. 8 [#27-8]. Here, the Complaint [#1] refers to Verizon New England and Verizon Fios interchangeably, for example, Plaintiffs allege "Defendant Verizon New England Inc. ('Verizon Fios' 'VNE') has head office operate in Massachusetts." Id. ¶ 3. The court finds sufficient evidence to satisfy the identity requirement.

Second, the prior and current lawsuits filed all operate from the same nuclei of operative facts. In Chiang Lawsuit 1 and 2, Chiang argued that in 2015 and 2016, Verizon Wireless charged him improper fees, failed to give him a $300 gift card as advertised, and improperly reported Chaing to the credit report agencies. Defs.' Mem. Ex. 1 [#27-1]; Ex. 3 [#27-3]. In Chiang Lawsuit 3, Chiang alleges that he was overcharged activation fees and other charges following the trade-in of his two iPhones and the purchase of two iPods and that he never received the $299.99 credit from the trade-in in 2016. Defs.' Mem. Ex. 7 [#27-7]. In the Complaint [#1], Chiang alleges that the Verizon Defendants have overcharged him since 2015, reported him to three major credit agencies, never gave him a $300 gift card, and overcharged him in December 2016 for new devices after he traded in two devices and should have received around $299.99 credit for each device. Compl. ¶¶ 15-19, 31. In Liu Lawsuit No. 1, Liu alleged that Verizon Fios began to charge him hidden fees starting October 2015, that he never received his $300 gift card, and that he was continuously charged for cartoon program even after he cancelled the TV service. Defs.' Mem. Ex. 8 [#27-8]. In the Complaint [#1], Liu alleges that the Verizon Defendants began to charge him in October 2015 for services, did not provide him a prepaid visa card as advertised, and continued to charge him for a cartoon program even after he cancelled. Compl. ¶¶ 7-8.

Although Plaintiffs may phrase certain allegations and claims differently in each litigation, the causes of action "grow[] out of the same transaction, act, or agreement, and seek[] redress for the same wrong." Willett v. Webster, 148 N.E.2d 267, 271 (Mass. 1958) (quoting Mackintosh v. Chambers, 190 N.E. 38, 39 (Mass. 1934)). Here, Plaintiffs allege the same set of facts in their state district court litigation and in this suit. Accordingly, the court finds this action arises out of the same nuclei of operative facts as Chiang Lawsuits 1, 2, and 3 and Liu Lawsuit No. 1.

Third, there were also judgments in Chiang Lawsuits No. 1, 2, and 3 and Liu Lawsuit No. 1. Chiang Lawsuit No. 1 was resolved with a dismissal following a Settlement Agreement, see Defs.' Mem. Ex. 2 [#27-2], Chiang Lawsuit No. 2 was barred by the Settlement Agreement and dismissed with prejudice, see Defs.' Mem. Ex. 4 [#27-4], a judgment was entered in favor of Verizon Wireless in Chiang Lawsuit No. 3, see Defs.' Mem. Ex. 11 [#27-11], and a judgment was entered in favor of Liu in Liu Lawsuit No. 1, see Defs.' Reply Ex. 1 [#58-1]. Accordingly, because Plaintiffs' claims against the Verizon Defendants are barred by res judicata, summary judgment is granted in favor of the Verizon Defendants.[3]

B. Plaintiffs' Claims Against the Law Firm Defendants

---

[3] Plaintiffs assert two new allegations in the Complaint [#1] that were not litigated in state court: (1) that the Verizon Defendants overcharged Liu in July 2017, Compl. ¶¶ 7, 27 [#1]; and (2) that on August 1, 2017, the Verizon Defendants wrongfully reported Chiang's social security number to the Credit Bureau, id. ¶¶ 31, 68. The court notes that the complaints in Liu Lawsuit No. 1 and Chiang Lawsuit No. 3 were both filed on August 11, 2017, see Defs.' Mem. Ex. 7 [#27-7] & Ex. 8 [#27-8], which is after the dates of Plaintiffs' new allegations. Furthermore, Liu Lawsuit No. 1 did not resolve until December 22, 2017, see Defs.' Reply Ex. 1 [#58-1], and Chiang Lawsuit No. 1 did not resolve until October 6, 2017, see Defs.' Mem. Ex. 11 [#27-11]. Neither Plaintiffs allege that he could not bring these allegations in the state court litigation; Liu presumably received his July 2017 bill prior to December 2017 and furthermore, Chiang discovered the credit report in September 2017. See Pls.' Opp. Ex. S [#57-2]. Accordingly, Plaintiffs' new allegations are also barred by res judicata.

Plaintiffs allege that on September 18, 2017, Liu emailed Attorney Kennedy-Smith to request a postponement of the magistrate hearing because "[Liu had received] a call from [a] hospital overseas, [that] stated [that] my mother is in [a] very ill condition . . . I just arrived . . . [and I need to] request for [a] delay [of the hearing date] to [the] end of November or December 2017." Defs.' Mem. Ex. 9 [#27-9]. Attorney Kennedy-Smith declined to agree to a postponement, and the parties exchanged emails which Plaintiffs allege included threats. Id.

The alleged threat (based on the email communication that was offered as an exhibit by both parties) appears to be Attorney Kennedy-Smith's statement to Liu that if Plaintiffs dismissed their case and refiled, Defendants would refile their motion for sanctions. Defs.' Mem. Ex. 9 [#27-9]; Pls.' Opp. Ex. B [#57-3]. Attorney Kennedy-Smith further stated to Chiang that Chiang's pleadings at times referred to Liu's account as his own and at other times refer to the account as owned by his tenant's, an assertion which Chiang categorized as "harassment." Id. Based on this emails, Plaintiffs assert the following claims against the Law Firm Defendants: (1) negligence related to alleged threats made during Chiang Lawsuit No. 3 and Liu Lawsuit No. 1; (2) "violat[ion] [of] professional conduct" also related to alleged threats made and emails sent by the Law Firm Defendants during Chiang Lawsuit No. 3 and Liu Lawsuit No. 1; and (3) emotional distress from the alleged threats. Compl. ¶¶ 32-32, 61-65, 71-75.

Plaintiffs fail to state a claim for negligence. "[I]t is well established that attorneys owe no duty to their client's adversary." Lamare v. Basbane, 636 N.E.2d 218, 219 (1994). "The rule is founded on the realization that, if a duty was owed to the adversary of an attorney's client, an unacceptable conflict of interest would be created, and because it would be inimical to the adversary system for an adverse party to be allowed to reply on an opposition party's attorney." Id. (dismissing negligence claim against adversary's attorney because the plaintiff cannot

establish duty of care). Here, the Law Firm Defendants represent the Verizon Defendants, the adversaries of Plaintiffs. Thus, Plaintiffs cannot establish the elements for negligence because they cannot demonstrate that the Law Firm Defendants owed them any kind of duty.

Furthermore, Plaintiffs fail to state a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that: (1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct; (2) the defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it. Tetrault v. Mahoney, et. al., 681 N.E.2d 1189, 1197 (1997). Liability for intentional infliction of emotional distress "cannot be founded upon mere insults, threats, or annoyances." Cady v. Marcella, 729 N.E.2d 1125, 1131 (2000) (internal quotations omitted). Here, the emails sent by Attorney Kennedy-Smith threatening only to refile a sanctions motion does not constitute "extreme and outrageous conduct," and Plaintiffs have made no showing that they endured "emotional distress so severe and of such a nature that no reasonable person could be expected to endure it."

Plaintiffs also fail to state a claim against the Law Firm Defendants for "violat[ion] [of] professional conduct." Compl. ¶ 9 [#1]. First, Plaintiffs have shown no "violation of professional conduct." But even if they had made that showing, "[a] violation of a canon of ethics or a disciplinary rule . . . is not itself an actionable breach of duty [even] to a client." Fishman v. Brooks, 487 N.E.2d 1377, 1381 (Mass. 1986). "The Canons of Ethics and Disciplinary Rules provide standards of professional conduct of attorneys . . . not grounds for civil liability."

10

Sullivan v. Birmingham, 416 N.E.2d 528, 534 (Mass. 1981). Additionally, as stated previously, attorneys do not owe duties of reasonable care to nonclients unless the attorney knows or has reason to know that a nonclient is relying on the services that the attorney is rendering. Lamare, 636 N.E.2d at 219.

Accordingly, summary judgment is granted to the Law Firm Defendants.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss All Counts of Plaintiff's Complaint, Pursuant to Fed. R. Civ. P. 12(b) (6) [#26] is ALLOWED.

IT IS SO ORDERED.

Date: September 18, 2018                           /s/ Indira Talwani
                                                   United States District Judge